## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **No. 2:02 CV 2** |
| | ) | **(2:99 CR 74)** |
| **MARCUS HULL** | ) | |

### O R D E R

Marcus Hull, *pro se*, has moved to vacate his conviction pursuant to 28 U.S.C. § 2255. A § 2255 motion allows a person in federal custody to attack his sentence collaterally on constitutional grounds, because it is otherwise illegal, or because the court that imposed it was without jurisdiction. RULE 4 of the RULES GOVERNING § 2255 PROCEEDINGS requires the court to screen the motion before ordering the government to respond: "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal." RULE 4, RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS.

On April 25, 2001 a jury found Hull guilty on five counts: one count of conspiring to possess with intent to distribute crack cocaine base in excess of five grams or more (Count I), three counts of distribution of crack cocaine (Counts II, III, and IV), and one count of possessing with the intent to distribute crack cocaine in excess of five (5) grams (Count V). The jury found Hull not guilty of one count of possession of a firearm in furtherance of a drug trafficking crime (Count VI). On July 17, 2001 Hull was sentenced

by this court to 365 months imprisonment on each of Counts I and V, and 240 months imprisonment on each of Counts II, III, and IV, all to be served concurrently. In addition Hull was sentenced to 5 years supervised release. Hull filed a notice of appeal on July 17, 2001. On August 12, 2003 Hull's convictions were affirmed on direct appeal. *United States v. Hull*, 74 Fed. Appx. 615 (7th Cir. 2003) (unpublished disposition; text at 2003 U.S. App. LEXIS 16566). Hull did not file a petition for certiorari to the Supreme Court.

On November 7, 2001 Hull filed the present § 2255 petition. (*Petition*, 2:99 CR 74, docket #158; 2:02 CV 2, docket #1). In his motion, Hull asserts the following four grounds: (1) "you have a right to a fair and speedy trial; and pleading guilty waives those rights," (2) "wife wasn't suppose [sic] to testify (unreliably for an unreliable and career-criminal witness) against or for her husband," (3) "no search warrant ordered: evidence obtained was claimed for civil remedies, money confiscated, then used in trial to convict," and (4) "the juror panel had a personality more favorable for a civil trial. Mistrial should have been granted, if criminal." *Petition* at 5-6. In addition, Hull claims that there is "enough overwhelming evidence to prove my innocence in any court of law." *Id.* at 6.

Hull has also filed three motions in which he seeks to "supplement" his § 2255 motion. These motions were filed on May 18, 2005 (*May 18 Mot. to Supp.*, 2:99 CR 74, docket #177), on July 18, 2005 (*July 18 Mot. to Supp.*, 2:99 CR 74, docket #178), and on July 22, 2005 (*July 22 Mot. to Supp.*, 2:99 CR 74 docket #179). Generally a § 2255 motion

2

may be freely amended as long as the amendments do not add entirely new claims after the statute of limitations for filing the motion has passed. *See Rodriguez v. United States*, 286 F.3d 972, 980-81 (7th Cir. 2002); *Johnson v. United States,* 196 F.3d 802, 805 (7th Cir.1999). Thus to the extent that these motions flesh out Hull's original § 2255 claims, the court has considered them in determining the merits of Hull's § 2255 petition. However, Hull seeks to add claims which, as explained later in this order, are barred by the statute of limitations, and to this extent, the court has not considered the motions in determining the merits of Hull's § 2255 petition.

## I.      LEGAL STANDARD

A § 2255 motion allows a person convicted of a federal crime to vacate, set aside, or correct his sentence, in limited circumstances such as where an error is jurisdictional, of constitutional magnitude, or there has been a "complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004). Section 2255 states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255 ¶ 1. If the court determines that any of these grounds exists, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255 ¶ 2. In making that determination, the court must review the evidence and draw

3

all reasonable inferences from it in a light most favorable to the government. *United States v. Galati*, 230 F.3d 254, 258 (7th Cir. 2000); *Carnine v. United States*, 974 F.2d 924, 928 (7th Cir. 1992).

A § 2255 motion may not be used as either "a recapitulation of" or "a substitute for" a direct appeal. *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996); *accord United States v. Barger*, 178 F.3d 844, 848 (7th Cir. 1999) (stating that a § 2255 motion "is not to be used as a substitute for a direct appeal") (citing *Theodorou v. United States*, 887 F.2d 1336, 1339 (7th Cir. 1989))). Accordingly, a petitioner bringing a § 2255 is barred from raising: (1) issues, raised on direct appeal, absent some showing of new evidence or changed circumstance, (2) non-constitutional issues that could have been, but were not raised on direct appeal; or (3) constitutional issues that were not raised on direct appeal, absent a showing of cause for the "procedural default" and actual prejudice from the failure to appeal.[1] *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717, 719-20 (7th Cir. 1994); *see also Galbraith v. United States*, 313 F.3d 1001, 1006 (7th Cir. 2002); *accord Mankarious v. United States*, 282 F.3d 940, 943 (7th Cir. 2002) ("An issue not raised on direct appeal is barred from collateral review absent a showing of both good cause for and actual prejudice resulting from the failure to assert it.").

---

[1]"A showing that a refusal to consider the issue would be a fundamental miscarriage of justice" may also aid a prisoner in attaining review of a procedurally defaulted issue. *Galbraith v. United States*, 313 F.3d 1001, 1006 (7th Cir. 2002) (internal quotation marks and citation omitted).

As a general matter, much of Hull's pleadings is disjointed, confusing, and impossible to understand. In examining Hull's motion, the court is mindful of the well-settled principle that, when interpreting a pro se petitioner's complaint or § 2255 motion, district courts have a "special responsibility" to construe such pleadings liberally. *Donald v. Cook County Sheriff's Dep't.*, 95 F.3d 548, 555 (7th Cir. 1996); *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) ( "pro se complaint, 'however inartfully pleaded' must be held to 'less stringent standards than formal pleadings drafted by lawyers'") (quoting *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)); *Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002) ("pro se habeas petitioners are to be afforded 'the benefit of any doubt'") (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). In other words:

> The mandated liberal construction afforded to pro se pleadings "means that if the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."

*Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) (habeas petition from state court conviction) (alterations in original) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). On the other hand, "a district court should not 'assume the role of advocate for the pro se litigant' and 'may not rewrite a petition to include claims that were never presented.'" *Id*. With these principles in mind, the court has carefully reviewed each of Hull's § 2255 claims as stated in his § 2255 petition, and the amendments

thereto.

## II.    DISCUSSION

For the purposes of reviewing the merits of Hull's § 2255 petition, the court finds it easiest to address each of Hull's stated "grounds," taking into consideration any relevant amendments. In addition, the court addresses a fifth ground - sufficiency of evidence - which Hull did not formally state as a ground, but has nonetheless made arguments to.

### A.    Grounds for § 2255 Petition

#### 1.    "You have the right to a fair and speedy trial; and pleading guilty waives those rights."

Hull's first stated ground for relief is: "You have the right to a fair and speedy trial; and pleading guilty waives those rights."[2] *Petition* at 5. As supporting facts for this ground, Hull states: "[u]nknown agents illegally intercepted phone calls (entrapment) to create federal case - but a subpoena was issued after tapes were disclosed, for phone (cell) records." *Id*. This claim is confusing, vague and contains little detail to point the court to constitutional error, and for this reason Hull's § 2255 motion on this ground may be summarily denied. *See Oliver v. United States*, 961 F.2d 1339, 1343 n. 5 (7th Cir. 1992) (holding that a district court may deny a § 2255 motion without a hearing "if the allegations in the motion are unreasonably vague, conclusory, or incredible, or if the factual matters raised by the motion may be

———————————

[2]Hull did not plead guilty to any charges, but rather was tried and convicted by a jury.

resolved on the record before the district court."). *See also Shah v. United States*, 878

F.2d 1156, 1161 (9th Cir. 1989) (holding that vague or conclusory allegations warrant

summary dismissal of § 2255 claims); *United States v. Aiello*, 814 F.2d 109, 113-14 (2nd

Cir. 1987) (holding that a § 2255 petition must be based on more than "airy

generalities, conclusory assertions and hearsay statements."); *United States v. Unger*,

635 F.2d 688, 691 (8th Cir. 1980)(holding that "conclusory assertions that a defendant's

pleas were involuntary and coerced are insufficient."). Accordingly, Hull's § 2255

petition to vacate, set aside, or correct his sentence is **DENIED** as to his first stated

ground.

> ### 2.   "Wife wasn't suppose to testify (unreliably for an unreliable and career-criminal witness) against or for her husband."

Hull's second stated ground for relief is: "Wife wasn't suppose to testify

(unreliably for an unreliable and career-criminal witness) against or for her husband."

*Petition* at 5. As supporting facts for this ground, Hull states: "the victimized informant

or witness; whose on state charges, was reportedly arrested two days for P.C. murder.

Since my arrest, wife gave many different statements, including a proffer, that

contradicts and should have discredited all the prosecutor's attempts to use her in my

trial, if their CI wasn't available." *Id.* Again Hull's claim is confusing, vague, and

lacking in detail, such that summary denial is appropriate. *Oliver*, 961 F.2d at 1343 n. 5.

However, to the extent that ground 2 can be interpreted as claiming the violation of

the marital communications privilege, such a claim is not of constitutional nature, *see*

*Port v. Heard*, 764 F.2d 423, 430 (5th Cir. 1985) ("The marital privilege has never been placed on a constitutional footing."); *United States v. Lefkowitz*, 618 F.2d 1313, 1319 (9th Cir.), *cert denied*, 449 U.S. 824 (1980); *United States v. Doe*, 478 F.2d 194, 195 (1st Cir. 1973), and therefore cannot be properly brought in this habeas proceeding, *Belford*, 975 F.2d at 313; *McCleese*, 75 F.3d at 1177.[3] Accordingly, Hull's § 2255 petition to vacate, set aside, or correct his sentence is **DENIED** as to his second stated ground.

> **3.** **"No search warrant ordered: evidence obtained was claimed for civil remedies, money confiscated, then used in trial to convict."**

Hull's third stated ground for relief is: "No search warrant ordered: evidence obtained was claimed for civil remedies, money confiscated, then used in trial to convict." *Petition* at 5. As support for this ground, Hull states: "never provided warrant or any probable cause -more money was taken than mentioned - drugs recovered, drew so much speculation; it left agents asking where it come from? Papers agents discovered, wasn't released to the defendant." *Id*. In addition, Hull states that "[o]n March 29, 1999 police and I or prosecution became aware of the existence of physical evidence, witnesses, and other evidence that was illegally searched and seized from 3803 Broadway Apartment #30" and that "a warrant was not one of them." *May 18 Mot. to Supp*. at 10, 20. Again Hull's claim is confusing, vague, and lacking in detail, such that

---

[3] In any event, the marital privilege protects only communications made in absolute confidence, and further does not extend to communications about a joint criminal enterprise *United States v. Short*, 4 F.3d 475, 478 (7th Cir. 1993). Hull has not even alleged that his wife testified to any communications that would fall within the protection of the privilege.

summary denial is appropriate. *Oliver*, 961 F.2d at 1343 n. 5. To the extent that Hull's claim is that evidence obtained in an alleged illegal search of "3803 Broadway Apartment #30," should have been excluded at trial, Hull is barred from bringing the claim in this habeas proceeding. *See Stone v. Powell*, 428 U.S. 465 (1976) (noting that the primary justification for the exclusionary rule is "deterrence of police conduct that violates Fourth Amendment rights" and that it "is not a personal constitutional right"); *Holman v. Page*, 95 F.3d 481, 489 (7th Cir. 1996). Assuming that Hull's claim is somehow constitutional in nature, he is procedurally barred from bringing the claim here, as he did not raise any claim with respect to a warrant, or a search and seizure on direct appeal, and does not now even attempt to show the "cause" and "prejudice" for this failure. *Belford*, 975 F.2d at 313; *McCleese*, 75 F.3d at 1177.  Accordingly, Hull's § 2255 petition to vacate, set aside, or correct his sentence is **DENIED** as to his third stated ground.

> **4.     "The juror panel had a personality more favorable for a civil trial" and thus a "mistrial should have been granted."**

Hull's fourth asserted ground for relief is: "The juror panel had a personality more favorable for a civil trial. Mistrial should have been granted." In support of this ground, Hull states: "No one on the panel should be familiar or prejudiced to the defendant. No court transcripts have been recovered by the defendant." Like Hull's other claims, this one is confusing, vague, and contains little detail to point the court to constitutional error, and may be summarily denied. *Oliver*, 961 F.2d at 1343 n. 5.

Accordingly, Hull's § 2255 petition to vacate, set aside, or correct his sentence is **DENIED** as to his fourth stated ground.

>    **5.      "There's enough overwhelming evidence to prove my innocense in any court of law."**

Hull asserts in his petition: "There's enough overwhelming evidence to prove my innocense in any court of law." *Petition* at 6.  Much of Hull's arguments in his submitted supplements, while confusing and disjointed, seems to be concerned with the sufficiency or strength of the evidence as well. It appears that Hull believes that the allegation of 500 grams of crack, the alleged time period of drug distribution, and the approximately $18,000 allegedly seized from Hull's residence cannot be reconciled with the evidence in the case, and therefore support a finding of his innocence. *See e.g. May 18 Mot. to Supp.* at 3-5 ("Or, this period of time can total a <u>maximum</u> of 149 days and same drug quantity of 150 grams, leaving a difference of 127 grams (12,748) unaccounted for from the latter half of the year, and all $28-33,600.00 missing from <u>May</u> through September or <u>October</u>; which is the initial 'half of' year in Relevant Conduct, via 3500 testimony, unexplaining 'how long it took' Petitioner herein, to accumulate $15,000.00 (in 150 days,) with 150 grams, during a 10-11 month period?"). It is well-settled that defendants must argue evidentiary issues on direct appeal and not in a § 2255 petition. *See Williams v. United States*, 365 F.2d 21, 22 (7th Cir. 1966) (reliability of evidence is not proper issue for § 2255 review); *Carillo v. United States*, 332 F.2d 202, 203 (10th Cir. 1964) (erroneous admission of evidence must be raised on direct appeal and is

not proper subject of a § 2255 petition); *United States v. Johnpoll*, 748 F.Supp. 86, 91-92

(S.D.N.Y. 1990) (claims of evidentiary errors are not cognizable under § 2255). Thus, to

the extent that Hull wishes to attack the sufficiency or weight of the evidence

underlying his conviction, such a claim is "not cognizable under § 2255." *United States v.

Edun*, 750 F. Supp. 337, 338 (D. Ill. 1990) *aff'd*, 951 F.2d 352 (7th Cir. 1991) (citations

omitted). Accordingly, Hull's § 2255 petition to vacate, set aside, or correct his sentence

is **DENIED** as to his claim regarding the sufficiency or weight of the evidence in his

case.

### B.  Motions to Supplement

As noted above, Hull filed three motions to supplement his § 2255 petition, one

each filed on May 18, 2005 (2:99 CR 74, docket #177), July 18, 2005 (2:99 CR 74, docket

#178), and July 22, 2005 (2:99 CR 74 docket #179).[4] Because generally a § 2255 motion

---

[4]Docket #178 and docket #179 are both Hull's "[Rule 2255] Motion to Supplement III" and are identical in language and differ only in that one is typed (docket #179) and one is handwritten (docket #178). Docket #177 has forty (40) pages as follows. Pages 1-6 of docket #177, ("[Rule 2255] Motion to Supplement II") appears to be an attempted explanation of grounds for relief claimed. Pages 7-12 ("Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody") is a standard form for relief stating those grounds. Pages 13-18 are duplicates of pages 1-6. Pages 20-29 make up another § 2255 motion. Pages 31-38 is a handwritten version of the motion on pages 20-29. The remaining pages are notices of filings.

Further, although in pages 1-6 uses various titles for his sections of argument, those titles are meaningless, as they are simply a restatement of grounds (b), (c), (f), (g), (i), and (j) the "most frequently raised grounds for relief in [2255] proceedings provided on the standard section 2255 motion form" as follows:
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to

may be freely amended as long as the amendments do not add entirely new claims after the statute of limitations for filing the motion has passed, *Rodriguez v. United States*, 286 F.3d 972, 980-81 (7th Cir. 2002); *Johnson v. United States*, 196 F.3d 802, 805 (7th Cir.1999), to the extent that Hull's motions flesh out Hull's original § 2255 claims, the court grants Hull's motions and, as noted earlier, has considered them in the above analysis. However, Hull has asserted new claims in his motions, and for the following reasons his motions to supplement are denied to this extent.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) creates a one-year statute of limitations for § 2255 claims. 28 U.S.C. § 2244(d)(1). The applicable portion of the AEDPA provides that the one-year statute of limitations shall run from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255, at ¶ 6(1). In cases such as this one, where the petitioner did not file a petition for certiorari

the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy
(i) Denial of effective assistance of counsel
(j) Denial of right of appeal.

Although Hull uses these titles, he does not provide any explanation as to the named ground. Rather, the body of those sections do not appear to be remotely related to their titles.  For example, the section titled "Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant," states: "Agent Bookwalter's 'primary duties' were in furtherance to this investigation for a drug Conspiracy, , [sic] leaving the role of Petitioner, if any, as secondary (under 21 U.S.C. Section 841(a)(1) from the original crime documented as 'unknown' to Petitioner, who didn't discuss illegal acts with 'unknown' parties; as well, if and when the informant (Sandra) is not a co-conspirator of Petitioner herein, as charged." *Motion to Supplement II* at 2 (emphasis in original). Thus the court does not consider the titles when determining what Hull's claims are, but rather looks to the substance of the motion.

12

with the Supreme Court on direct review, the date on which the judgment of

convictions becomes final, or in other words the date from which the limitations period

begins to run, is the date at which the time for seeking such review expires. *Clay v.*

*United States*, 537 U.S. 522, 525 (2003). Hull's conviction therefore became final on

November 11, 2003, *see id.*, and thus each of Hull's motions to amend his § 2255 petition,

filed beginning on May 18, 2005 were filed months after the one year statute of

limitations expired on November 11, 2004.

      For statute of limitations purposes, an otherwise untimely amendment may

nonetheless relate back to an original timely § 2255 petition if the original and amended

pleadings "ar[i]se out of the same conduct, transaction, or occurrence." FED. R. CIV.

P. 15(c)(2).[5]  In *Mayle v. Felix*, 125 S. Ct. 2562, 2572, the Supreme Court held that an

amendment to a habeas corpus petition does not relate back to the original motion

"when it asserts a new ground for relief supported by facts that differ in both time and

type from those the original pleading set forth."[6] 125 S. Ct. 2562; *see* FED. R. CIV. P.

15(c)(2). In order for a habeas petitioner to reap the benefits of the relation back

doctrine, there must exist "a common 'core of operative facts' uniting the original and

---

      [5]RULE 12 of the RULES GOVERNING § 2255 PROCEEDINGS permits application of the FEDERAL RULES OF CIVIL PROCEDURE in § 2255 cases "to the extent that they are not inconsistent with any statutory provisions or these [§ 2255] rules." FEDERAL RULE OF CIVIL PROCEDURE 15 governs amendments to pleadings.

      [6]*Mayle* specifically dealt with a petition filed under 28 U.S.C. § 2254 by a state prisoner, however there is no principled reason why its effect should not reach § 2255 as well, especially considering the striking similarities between the two provisions and the courts' history of applying holdings regarding one section to cases involving the other.

newly asserted claims." *Mayle*, 125 S. Ct. at 2572 (citing *Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1259 n. 29 (9th Cir. 1982)). Hull's motions to amend (filed after the statute of limitations passed) indeed raise several claims that do not "relate back" to Hull's original § 2255. These claims are therefore time-barred, and to the extent that the motions seek to add these claims, they may be denied as futile. *Rodriguez*, 286 F.3d at 980-81 (citing *King v. One Unknown Fed. Corr. Officer*, 201 F. 3d 910, 914 (7th Cir. 2000). As addressed below, the time-barred claims include sentencing claims, an unlawful arrest claim, and a unconstitutional petit jury claim.

### 1.       Sentencing Claims

Hull states that "[t]he 'obstruction of justice' enhancement (through overt acts of the AUSA, for non-warranted currency), issues out more time (to Petitioner herein) than an 'usual suspect' getting charged for a <u>kilogram of cocaine</u>, (60 months minimum) in the course of <u>obstructing justice</u> combined, for 'non-consulting' with wife's decision to file a claim of forfeiture (on $18,252.00) and without a(n) (obstruction) statute proving a violation with the cooperative process of Petitioner and/with the Court(s)." *May 18 Mot. to Supp.* at 2 (emphasis in original). Although Hull makes reference to the "obstruction of justice enhancement" in various other portions of his motions, those references are just as (if not more) confusing. *See e.g. July 18 Mot. to Supp.* at 4 ("Also, an obstruction of justice enhancement being recommended on either husband or wife divorces their incarcerated honeymoon to engage in non-commissioned communication

14

where the infamous phrase entitled: 'for better or worse,' gets dictated by an ordained circumstance that produced the apple in Genesis that consumed, minus the 'Hull' that (AUSA) Cooley undecently exposed as a bare criminal."). In addition, Hull mentions his acquittal on the firearm possession charge, and argues that "[t]he two-point enhancement for possession of a shotgun....is in violation of defendant's constitutional rights." *May 18 Mot. to Supp.* at 28.  Hull also cites the Seventh Circuit's holding in *United States v. Booker*, 375 F.3d 508 (7th Cir. 2005), arguing that "[t]he jury found defendant herein, guilty of possessing in excess of 5 grams of crack cocaine, based on evidence of 9.1 grams.....The judge found that defendant 'possessed' an additional 560 grams of crack.....Thus, as in *Booker*, the jury's verdict alone did not authorize the sentence." *Id.* at 27.

These claims go to the constitutionality of Hull's sentence and the standards used to impose that sentence. Hull's original  § 2255 petition does not, however, so much as mention his sentence, sentencing, or sentencing enhancements, or any facts even remotely similar to those alleged here. As such, the court cannot conclude that Hull's claims as to his sentence share "a common core of operative facts" with any of Hull's original claims, and thus relate back to Hull's timely filed § 2255 petition. *Mayle*, 125 S. Ct. at 2572. Accordingly, Hull's motions to supplement to add these sentencing claims may be denied as futile to this extent as they are untimely. *Rodriguez*, 286 F.3d at 980-81.

Even if Hull's motions were made within the statute of limitations, he would otherwise be barred from bringing his alleged sentencing claims. First, the Seventh

15

Circuit has already determined on direct appeal that this court properly applied both the obstruction of justice enhancement and the gun enhancement, *United States v. Hull*, 74 Fed. Appx. 615, 622 (7th Cir. 2003) (unpublished disposition; text at 2003 U.S. App. LEXIS 16566), and in the absence of a showing of changed circumstance, the court will not now address this issue. *Belford*, 975 F.2d at 313. Second, the holding of *United States v. Booker*, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005) is not available to Hull for this collateral attack. In *Booker*, the United States Supreme Court concluded that "any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S. Ct. at 746. That being said, the Seventh Circuit has concluded that *Booker* is not retroactive on collateral review. *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005). In other words, "Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005." *Id*. As Hull's conviction and sentence became final well before the *Booker* decision, *Booker* cannot serve as the basis for § 2255 relief under the circumstances. *Id*. Thus, Hull's claims with respect to sentencing are barred by the statute of limitations, and in any event would be futile. Accordingly, Hull's motions to supplement his § 2255 petition are **DENIED** to the extent that they seek to add the above sentencing claims.

## 2.    Unlawful Arrest

Hull states that his conviction was "obtained by use of evidence obtained

pursuant to an unlawful arrest." *May 18 Mot. to Supp.* at 10. Hull argues that he "was

not in the vehicle at the time of the unlawful arrest, which was an unreasonable

seizure." *Id.* Hull did not raise a "unlawful arrest" claim in his original § 2255 petition,

and did not refer to any facts surrounding the alleged arrest in that petition. As such,

the court cannot conclude that Hull's unlawful arrest claim shares "a common core of

operative facts" with any of Hull's original claims, and thus relates back to Hull's timely

filed § 2255 petition. *Mayle*, 125 S. Ct. at 2572. Accordingly, Hull's motions to

supplement may be denied as futile to the extent that they seek to add an untimely

claim of unlawful arrest. *Rodriguez*, 286 F.3d at 980-81.

Even if Hull's motions were made within the statute of limitations, he would

otherwise be barred from bringing his "unlawful arrest" claim. Where Hull's claim is

that the police unlawfully obtained evidence in violation of his Fourth Amendment

rights, such a claim is not the proper subject of habeas review, *Stone v. Powell*, 428 U.S.

465 (1976); *Holman v. Page*, 95 F.3d 481, 489 (7th Cir. 1996), and further if his claim is as

to the erroneous admission of illegally obtained evidence at trial, that claim must be

brought on direct appeal, and is not the proper subject of a § 2255 petition, *Carillo*, 332

F.2d at 203.

### 3.     Unconstitutional Petit Jury

Finally, Hull asserts that his conviction was "obtained by action of a grand or

petit jury which was unconstitutionally selected and impanelled [sic]." *May 18 Mot. to*

*Supp.* at 11. In support of this assertion, Hull states: "One of the twelve jurors just

happens to be my ninth-grade teacher (Shirley Simonson), in English I, that could have resulted in conviction from court mis-conduct. **This was discovered on July 23, 2002.**" *Docket #177* at 11 (emphasis added). The court cannot logically conclude that this amendment relates back to Hull's original § 2255 petition filed on November 7, 2001. It simply cannot be that the present claim arises out of a common core of facts as any claim in the original petition, because, according to Hull, the core of facts supporting the present claim (that Shirley Simonson was Hull's teacher) was not discovered until July 23, 2002, well after the original petition was filed. Thus this claim does not relate back to the original timely-filed petition, *Mayle*, 125 S. Ct. at 2572, and as it was asserted after the statute of limitations expired, [7] it is untimely. Accordingly, to the extent that Hull's motions to supplement seek to add his unconstitutional petit jury claim, they are **DENIED**.

## III.   MOTION REQUESTING DISCOVERY

In his "motion requesting discovery" (docket #176), Hull asks the court to order

---

[7]The court notes that at his sentencing Hull asserted that the jury "wasn't properly selected due to the fact that it was people on that jury that I knew also." *Transcripts Volume 4*, at 67-68. The court does not believe that Hull was referring to Shirley Simonson given his representation to the court that the fact that Simonson was his teacher was not discovered until July 23, 2002. However, if Hull was indeed referring to Simonson, the court wonders why Hull did not raise the issue in a timely motion for judgment of acquittal. Further, insofar as Hull's motion could be interpreted as a FED. R. CRIM. P. 33 motion for a new trial based on this newly discovered evidence, the motion is untimely, as it was filed on May 18, 2005, well over three years after he was found guilty by a jury on April 25, 2001. *See* Fed. R. Crim. P. 33(b)(1) ("Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty.").

the clerk to produce his indictment. *Mot. for Disco.* at 1-2. Hull argues that he was

indicted on a conspiracy count, but yet was never given an indictment naming an

alleged coconspirator. *Id*. at 2. Hull asserts that he needs a copy of the original

indictment so that "he may effectively continue to pursue Habeas Corpus review of his

claims." *Id*.  For the following reasons, the court finds that Hull has not shown good

cause for obtaining the requested discovery, and therefore **DENIES** Hull's request.

A § 2255 petitioner is not permitted the same "broad discovery" available in

ordinary civil litigation and is not entitled to discovery as a matter of course. *Bracy v.*

*Gramley,* 520 U.S. 899, 904 (1997). Instead, "[a] judge may, for good cause, authorize a

party to conduct discovery under the Federal Rules of Criminal Procedure or Civil

Procedure, or in accordance with the practices and principles of law." R. GOV. SEC. 2255

PROC. 6(a). Further, "[a] party requesting discovery must provide reasons for the

request . . . and must specify any requested documents." R. GOV. SEC. 2255 PROC. 6(b).

Good cause will be found where "specific allegations before the court show reason to

believe that the petitioner may, if the facts are fully developed, be able to demonstrate

that he is . . . entitled to relief." *Bracy,* 520 U.S. at 908-09. "The burden of demonstrating

the materiality of information requested is on the moving party." *Stanford v. Parker,* 266

F.3d 422, 460 (6th Cir. 2001).

This court does not find good cause to grant the requested discovery, because

Hull has failed to show how the discovery will demonstrate that he is entitled to relief.

Hull has asserted that his indictment does not establish who he conspired with and that

19

he has never otherwise been informed of the identity of his alleged coconspirator. Hull appears to believe that he will be entitled to relief in the case that his indictment does not name a coconspirator. However, an indictment charging conspiracy need not name a coconspirator. *United States v. Payton*, 328 F. 3d 910 (7th Cir. 2003) (declining to reexamine this issue as it is "clear" from the precedent that an indictment need not name a coconspirator because "it is the grand jury's statement of the existence of the conspiracy agreement rather than the identity of the parties to the agreement that puts the defendant on notice of the charge he must be prepared to meet.") (citations omitted). Perhaps it is Hull's belief that where he can demonstrate that the identity of his coconspirator was not properly proven, he will be entitled to relief. However, "the government need not prove with whom a defendant conspired, only that he joined the agreement." *Id*. In any event, Hull has not convinced the court that a development of facts will demonstrate that he is entitled to relief, and accordingly the court does not find good cause to grant Hull's discovery request. *Bracy,* 520 U.S. at 908-09. Hull's "Motion Requesting Discovery" is therefore **DENIED**.

IV.     **CONCLUSION**

For the foregoing reasons, it is hereby **ORDERED** that Hull's motions to amend his § 2255 petition (2:99 CR 74, dockets #177, #178, and #179) are **GRANTED IN PART** and **DENIED IN PART**. It is **FURTHER ORDERED** that Hull's motion for discovery, (2:99 CR 74, docket #176) is **DENIED**. Finally, it is **ORDERED** that Hull's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" in case 2:99 CR 74

20

(2:99 CR 74, docket #158; 2:02 CV 2, docket #1) is **DENIED**. The clerk is directed to

**ENTER FINAL JUDGMENT** dismissing the associated civil case, 2:02 CV 2.

**SO ORDERED.**

**ENTER**:  March 21, 2006

                                   s/James T. Moody
                                   JUDGE JAMES T. MOODY
                                   UNITED STATES DISTRICT COURT